UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JON W. COOK, )<br>)<br>    Plaintiff, )<br>)<br>        v. )<br>)<br>ANDREW M. SAUL Commissioner of )<br>Social Security Administration, )<br>)<br>    Defendant. ) | No. 1:21-cv-00698-JPH-DML |

**ORDER**

Jon Cook has filed a motion to appoint counsel in his challenge to the Social Security Administration's ("SSA's") denial of his application for disability insurance benefits and supplemental security income. Dkt. [8]. "Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel." *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, a litigant who is unable to afford counsel "may ask the court to recruit a volunteer attorney to provide pro bono representation." *Id.* (citing 28 U.S.C. § 1915(e)(1)).

"Two questions guide a court's discretionary decision whether to recruit counsel: (1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id.* (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). The first inquiry—whether an indigent litigant reasonably attempted to get a lawyer—"is

1

a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021).

For the first question, Mr. Cook states that he has contacted 14 lawyers without success. *See* dkt. 8 at 2; dkt. 8-1. Mr. Cook has thus made a reasonable effort to obtain counsel, and he should continue that effort.

For the second question, a court considers whether the case's complexity "exceeds the . . . plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *See Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). In his complaint, Mr. Cook alleges that the SSA erred in its decision to deny him benefits because he suffers from a lung condition, reading difficulties, hearing issues, migraine headaches, and problems with his blood pressure. *See* dkt. 14 at 3. Social Security appeals may involve specialized knowledge and complex medical issues, which can "pose special issues" for pro se litigants. *See Eagan*, 987 F.3d at 683.

In his motion to recruit counsel, Mr. Cook says that he has a "reading based disability that makes further edication . . . unrecommened," that he is "functionally illiterate," that he was in the "Federal Books For The Blind Program threw all of highshool," that he has anxiety and panic attacks, that his mom helps him by "reading some thing to [him]," that the only reason he could fill out the form motion was because of the "assistance from the pro sa assistance of this court," and that filling out the form "caused a Migrain." Dkt. 8 at 2–3 (errors in original).

Because Mr. Cook's motion shows that he may have significant

challenges pursuing this action, his motion for assistance in recruiting counsel, dkt. [8], is **GRANTED**.  The Court will attempt to recruit counsel to represent Mr. Cook in this action.

**SO ORDERED.**

Date: 6/8/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JON W. COOK
1320 Busby Road
Lapel, IN 46051

Lindsay Beyer Payne
SOCIAL SECURITY ADMINISTRATION
lindsay.payne@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov